**EXHIBIT A**

THE HONORABLE THOMAS S. ZILLY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| STEPHEN BUSHANSKY, derivatively on behalf of ATHIRA PHARMA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEEN KAWAS, KELLY A. ROMANO, JOSEPH EDELMAN, JOHN M. FLUKE, JR., JAMES A. JOHNSON, BARBARA KOSACZ, and MARK LITTON, <br><br> Defendants, <br><br> and <br><br> ATHIRA PHARMA, INC., <br><br> Nominal Defendant. | Case No. 2:22-cv-497-TSZ <br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT & NOTICE OF SETTLEMENT** |
| THOMAS HOULIHAN, derivatively on behalf of ATHIRA PHARMA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEEN H. KAWAS, KELLY A. ROMANO, JOSEPH EDELMAN, JOHN M. FLUKE, JR., JAMES A. JOHNSON, BARBARA KOSACZ, MARK LITTON, and KEVIN CHURCH, <br><br> Defendants, <br><br> and <br><br> ATHIRA PHARMA, INC., <br><br> Nominal Defendant. | Case No. 2:22-cv-620-TSZ |

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & NOTICE
OF SETTLEMENT

Lead Case No. 2:22-cv-497-TSZ

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

**EXHIBIT A**

WHEREAS, Plaintiffs Stephen Bushansky and Thomas Houlihan have applied to this Court, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the proposed Settlement of the above-captioned consolidated derivative action, as well as the litigation demands (collectively, the "Derivative Actions") of Athira stockholders Ali Soofi and Travis Vrana (collectively with Plaintiffs Stephen Bushansky and Thomas Houlihan, the "Plaintiffs"), in accordance with a Stipulation of Settlement and Release Agreement dated March 15, 2024 ("Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal with prejudice of the Derivative Actions (the "Settlement") brought by Plaintiffs on behalf of nominal defendant Athira Pharma, Inc. ("Athira" or the "Company") against Dr. Leen Kawas, Kelly A. Romano, Joseph Edelman, John M. Fluke, Jr., James A. Johnson, Barbara Kosacz, Dr. Mark Litton, Glenna Mileson, and Dr. Kevin Church (the "Individual Defendants," and collectively with Athira, the "Defendants");

WHEREAS, except for the terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Preliminary Approval Order; and

WHEREAS, the Court is familiar with and has reviewed the record in the consolidated derivative action and has reviewed the Stipulation, including the exhibits thereto, and found good cause for entering the following Preliminary Approval Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement on the terms and conditions set forth therein.

2.  This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meaning as set forth in the Stipulation.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & NOTICE
OF SETTLEMENT

Lead Case No. 2:22-cv-497-TSZ                - 2 -

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

**EXHIBIT A**

3. The Court has scheduled the Settlement Hearing to be held at ___:___ __.m. on _____, 2024 at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington 98101, to determine: (i) whether the Settlement as set forth in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) whether a final judgment should be entered that is in substance materially the same as Exhibit D attached to the Stipulation, dismissing with prejudice the Derivative Actions.

4. The Court approves, as to form and content, the Notice, annexed to the Stipulation as Exhibits B and C, and finds that the distribution of the Notice substantially in the manner and form set forth in this Preliminary Approval Order and pursuant to ¶ V(C)(2) of the Stipulation fully satisfies the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution (including the Due Process clause), and any other applicable law; is the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Within fourteen (14) business days after the entry of the Preliminary Approval Order, Athira shall: (i) cause the Summary Notice to be published in *Investor's Business Daily*; and (ii) cause to be issued a press release announcing the Settlement, and referring Current Athira Stockholders to Athira's Investor Relations webpage, located at https://investors.athira.com/, where the Long-Form Notice and the Stipulation, together with the exhibits thereto, will be posted in their entirety through the Effective Date of this Settlement. Promptly after issuing the press release announcing the Settlement described in the Stipulation, Athira will file with the SEC a Current Report on Form 8-K attaching the press release.

6. At least twenty-one (21) calendar days prior to the Settlement Hearing, Athira's Counsel shall serve on Plaintiffs' Counsel and file with the Court an appropriate affidavit or declaration with respect to posting and publishing the Notice in accordance with ¶ 5 above.

7. Any Current Athira Stockholder may object in writing and/or appear, either in person or remotely at the Settlement Hearing, and show cause why the proposed Settlement of the Derivative Actions as set forth in the Stipulation should not be finally approved as fair, reasonable, and adequate,

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & NOTICE
OF SETTLEMENT

Lead Case No. 2:22-cv-497-TSZ        - 3 -

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

**EXHIBIT A**

why the Judgment should not be entered thereon, or why the Fee and Expense Amount, or Service Awards, should not be approved. If a Current Athira Stockholder chooses to submit a written objection, he, she, or it must mail the objection to Plaintiffs' Co-Lead Counsel, David C. Katz of Weiss Law and Athira's Counsel, Gregory L. Watts of Wilson Sonsini Goodrich & Rosati, P.C., at the addresses indicated in the Long-Form Notice, postmarked no later than fourteen (14) days before the Settlement Hearing. The Current Athira Stockholder's objection must (a) state the nature of the objection, including any legal support for the objection; and (b) contain proof of ownership of Athira common stock at the time the Stipulation was executed through the date of the objection; moreover, any Current Athira Stockholder who intends to appear and request to be heard at the Settlement Hearing must also (c) advise of his, her, or its intention to appear; and (d) identify any witness the Current Athira Stockholder intends to call at the Settlement Hearing and state the anticipated subject matter of the testimony of each such witness. No later than ten (10) days before the Settlement Hearing, Plaintiffs' Co-Lead Counsel David C. Katz of Weiss Law and Athira's Counsel, Gregory L. Watts of Wilson Sonsini Goodrich & Rosati, P.C., shall circulate to the attorneys for all other Parties copies of all written objections received from Current Athira Stockholders and, in connection with any motion for final approval of the proposed settlement, shall jointly file with the Court, an affidavit or declaration to which shall be attached copies of all written objections received from Current Athira Stockholders. Unless, in its discretion, the Court shall direct otherwise, any Current Athira Stockholder who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as set forth in the Stipulation and the Judgment, or to the Fee and Expense Amount, or the Service Awards, but shall otherwise be bound by the Judgment to be entered and the Releases to be given. Current Athira Stockholders who file a written objection may, but are not required to, appear at the Settlement Hearing. Current Athira Stockholders who have no objection to the Settlement do not need to appear at the Settlement Hearing or take any other action.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & NOTICE
OF SETTLEMENT

Lead Case No. 2:22-cv-497-TSZ       - 4 -

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

8. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Current Athira Stockholders.

9. All Current Athira Stockholders shall be bound by all determinations and judgments in the Derivative Actions concerning the Settlement, whether favorable or unfavorable to the Current Athira Stockholders. If the Settlement is approved, all Current Athira Stockholders will be bound by the Settlement, including, but not limited to, the release of the Released Claims against any Released Parties provided for in the Stipulation, and by any judgment or determination of the Court related to the Derivative Actions affecting the Current Athira Stockholders.

10. Neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party to the Stipulation shall be deemed an admission or received as evidence in this or any other action or proceeding. Any Released Party or his, her or its counsel may file the Stipulation and/or the Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. If the Stipulation and the Settlement set forth therein fail to become effective in accordance with their terms, or if the Judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except ¶ 11) shall be null and void, the Settlement shall be deemed terminated, and all Parties and Released Parties shall return to their positions prior to May 24, 2023, without prejudice to the rights of the Parties *status quo ante*.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & NOTICE
OF SETTLEMENT

Lead Case No. 2:22-cv-497-TSZ          - 5 -

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

**EXHIBIT A**

12. Plaintiffs' Counsel shall file and serve the opening papers in support of the proposed Settlement and the Fee and Expense Amount, no later than twenty-one (21) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

13. All proceedings in the consolidated derivative action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, Athira, Plaintiffs, and all Current Athira Stockholders are barred and enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties.

**IT IS SO ORDERED.**

DATED: _____

_____
THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT & NOTICE
OF SETTLEMENT

Lead Case No. 2:22-cv-497-TSZ                - 6 -

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025