UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHEN BUSHANSKY, derivatively on behalf of ATHIRA PHARMA, INC.,

   Plaintiff,

 v.

LEEN KAWAS; KELLY A. ROMANO; JOSEPH EDELMAN; JOHN M. FLUKE, JR.; JAMES A JOHNSON; BARBARA KOSACZ; and MARK LITTON,

   Defendants,

 and

ATHIRA PHARMA, INC.,

   Nominal Defendant.

THOMAS HOULIHAN, derivatively on behalf of ATHIRA PHARMA, INC.,

   Plaintiff,

 v.

LEEN H. KAWAS; KELLY A. ROMANO; JOSEPH EDELMAN; JOHN M. FLUKE, JR.; JAMES A. JOHNSON; BARBARA KOSACZ; MARK LITTON; and KEVIN CHURCH,

   Defendants,

 and

ATHIRA PHARMA, INC.,

   Nominal Defendant.

C22-0497 TSZ
[consolidated with C22-0620 TSZ]

ORDER

THIS MATTER comes before the Court on an unopposed motion, docket no. 17, brought by plaintiffs Stephen Bushansky and Thomas Houlihan, pursuant to Federal Rule

ORDER - 1

of Civil Procedure 23.1(c), for preliminary approval of a proposed settlement of this shareholder derivative action, as well as the litigation demands of Ali Soofi and Travis Vrana, who own stock in Athira Pharma, Inc. ("Athira"). Having reviewed all papers filed in support of the motion, the Court enters the following Order.

**Discussion**

**A.    Applicable Standards**

A shareholder derivative action may be settled or compromised only with the Court's approval. Fed. R. Civ. P. 23.1(c). Within the Ninth Circuit, the "proper legal standard" to apply under Rule 23.1(c) is whether the settlement is fair, reasonable, and adequate to the nominal defendant, *i.e.*, the entity in which the derivative plaintiffs are shareholders. See *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 377–78 (9th Cir. 1995); see also *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1311 (3d Cir. 1993); *Zimmerman v. Bell*, 800 F.2d 386, 391 (4th Cir. 1986); *Republic Nat'l Life Ins. Co. v. Beasley*, 73 F.R.D. 658, 667 (S.N.D.Y. 1977) ("The role of the Court in passing upon the propriety of a settlement in a derivative action is to determine whether the proponents of the settlement have shown that it fairly and adequately serves the interests of the corporation on whose behalf the derivative action was instituted.").

Analyzing whether a proposed settlement is fair, reasonable, and adequate requires consideration of (i) whether the proposed settlement was fairly and honestly negotiated, (ii) whether serious questions of law and/or fact exist, reducing the chances of a favorable outcome, and (iii) whether the value of an immediate recovery outweighs the probable future relief after further litigation, which might be protracted and expensive. See *Jones*

*v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984); *Bell Atl.*, 2 F.3d at 1311–15 (reviewing the substantive and procedural fairness of the settlement at issue); *see also* *In re Pac. Enters.*, 47 F.3d at 378.  The opinions of the mediator, any independent counsel, the attorneys involved in the case, and/or the parties concerning the fairness and reasonableness of the proposed settlement are also factors in the assessment under Rule 23.1(c).  *See* *Jones*, 741 F.2d at 324; *see also* *In re Pac. Enters.*, 47 F.3d at 378.

        The Court must also exercise its discretion in determining what manner of notice about the proposed settlement should be provided to shareholders.  *See* Fed. R. Civ. P. 23.1(c).  The notice must be sufficiently informative and offer an adequate opportunity to respond.  *Bell Atl.*, 2 F.3d at 1317; *Maher v. Zapata Corp.*, 714 F.2d 436, 451–52 (5th Cir. 1983) (concluding that the distributed notice "adequately described the nature of the pending action, the claims asserted therein, and the general terms of the proposed settlement," informed the shareholders of how they could learn more about the case, the time and place for the final approval hearing, and their right to participate in such hearing, and was "worded as to make reasonably clear to the 'minimally sophisticated layman'" the primary consequences of the settlement).  The notice must be provided in a way that is likely "to reach the majority of interested shareholders."  *In re Wells Fargo & Co. Shareholder Derivative Litig.*, 445 F. Supp. 3d 508, 517 (N.D. Cal. 2020).

**B.**    **Proposed Settlement**

        In April and May 2022, Bushansky and Houlihan, respectively, filed verified stockholder derivative complaints alleging that certain members of Athira's Board of Directors ("Board") and/or current and former officers of the corporation breached their

ORDER - 3

fiduciary duties and engaged in other improper conduct that materially damaged Athira and its shareholders. *See* Compl. (C22-497, docket no. 1); Compl. (C22-620, docket no. 1). These claims are premised on the same nucleus of facts described in the Court's rulings in a related class action, in which a proposed settlement is also pending the Court's approval. *See* Nacif v. Athira Pharma, Inc., No. C21-861, 2022 WL 3028579 (W.D. Wash. July 29, 2022) (granting in part and denying in part defendants' motion to dismiss); *see also* Nacif v. Athira Pharma, Inc., No. C21-861, 2024 WL 643513 (W.D. Wash. Feb. 15, 2024) (preliminarily approving a proposed class settlement).

In November 2022 and September 2023, Soofi and Vrana, respectively, served stockholder litigation demands on Athira's Board. *See* Stip. of Settlement & Release Agr. at 3 & ¶ V(A)(17) (docket no. 18-1). Bushansky, Houlihan, Soofi, and Vrana (collectively, "Plaintiffs") now propose to release their claims in exchange for certain corporate governance reforms to be implemented and maintained for at least five years. *See id.* at ¶ V(B)(1) & Ex. 1–4. Plaintiffs have summarized these reforms as follows:

- Create a new senior management officer—the Chief Compliance Officer—to manage and oversee the Company's ethics and compliance program, implement procedures for monitoring and evaluating the program's performance, and communicate with and inform the newly-created Compliance Committee and the Audit Committee regarding progress towards meeting program goals.

- Create a Compliance Committee of the Board of Directors, consisting of at least two independent directors, to oversee compliance with healthcare, legal and regulatory requirements; the safety and effectiveness of the Company's products and product candidates in clinical and pre-clinical development; the integrity of scientific research and accuracy and completeness of the Company's scientific publications; the qualification and performance of candidates in clinical and preclinical development; and the qualification and performance of contract research and contract manufacturing organizations.

ORDER - 4

- Enhance the Audit Committee Charter to include oversight responsibilities relating to compliance with applicable law not already delegated to the newly created Compliance Committee, compliance risk analysis responsibilities, annual reporting from the newly-created Chief Compliance Officer concerning the design, implementation, and continuing operation of the Company's Enterprise Risk Management Program, periodic reports concerning risk management aspects of strategic initiatives of the Company and developments affecting the Company's business, operations, and affairs, and quarterly reporting pursuant to an annual agenda that includes substantive reports related to compliance matters; matters of implementation of existing compliance programs; monitoring and adjustment of such programs; the Company's processes for receiving and investigating compliance or ethics-related complaints; exceptions reporting; the allocation of resources to the compliance organization and compliance-related initiatives; and, at least annually, a strategic review of emerging trends (external or specific to the Company) affecting the Company's regulatory compliance and, as appropriate, plans of action to respond to such trends from a preventive compliance standpoint.

- Enhance the management-level Disclosure Committee Charter to require that the Chief Operating Officer, General Counsel and Chief Compliance Officer, Chief Medical Officer, and Chief Scientific Officer be members of the committee and to establish the responsibility of the committee to evaluate the effectiveness of the disclosure controls policies and procedures on at least an annual basis and amend the same as necessary to conform to best practices.

- Enhance the Company's newly enacted Compensation Recovery Policy to include provisions for the recovery of executive compensation in the event of a Retraction of Scientific Results.

Pls.' Mot. at 8–9 (docket no. 17). Plaintiffs will also seek service awards of $3,000 each, but no other shareholder will receive any compensation as a result of the proposed settlement. Stip. of Settlement & Release Agr. at ¶ V(D)(5) (docket no. 18-1). Plaintiffs' counsel will request an additional $1,138,000 in attorneys' fees and litigation expenses. *Id.* at ¶¶ V(D)(1)&(5). In the document that memorializes the proposed settlement, the parties have indicated that negotiations concerning the amount of attorneys' fees,

ORDER - 5

litigation expenses, and service awards did not occur until after they had reached an agreement concerning the governance reforms.  *Id.* at ¶ V(D)(1).  Notwithstanding the terms of the proposed settlement, see *id.* at ¶ V(D)(2), the Court hereby ORDERS that attorneys' fees, litigation expenses, and service awards shall not be paid until further order of the Court.

C.  **Form and Manner of Notice**

The parties have proposed two forms of notice:  (i) a three-page summary notice, Ex. B to Stip. of Settlement & Release Agr. (docket no. 18-1 at 64–66); and (ii) an eleven-page long-form notice, Ex. C to Stip. of Settlement & Release Agr. (docket no. 18-1 at 68–78).  See Stip. of Settlement & Release Agr. at ¶ V(A)(13) (defining "Notice").  The parties propose to distribute the notices as follows:  (i) the summary notice will be published once in *Investor's Business Daily*; and (ii) the long-form notice will be uploaded to https://investors.athira.com, which is described by the parties as Athira's Investor Relations webpage.  *Id.* at ¶¶ V(C)(2)(a)&(c).  In addition, Athira will issue a press release concerning the proposed settlement in which it will make reference to the aforementioned webpage, and Athira will file a Form 8-K report with the United States Securities and Exchange Commission ("SEC"), to which will be attached a copy of the press release.  *Id.* at ¶¶ V(C)(2)(a)&(b).  Athira will bear all of the costs of providing notice in the manner outlined above.  *Id.* at ¶ V(C)(3).

/ / /

/ / /

/ / /

ORDER - 6

**Conclusion**

Having evaluated the terms of the proposed settlement and the proposed plan of notice with respect to the applicable standards, the Court hereby ORDERS as follows:

(1) Plaintiffs' unopposed motion, docket no. 17, for preliminary approval of the proposed settlement is GRANTED, except as indicated in connection with the payment of attorneys' fees, litigation expenses, and service awards.

(2) The requisite indicia of procedural and substantive fairness are present. No evidence exists at this stage of the proceedings of any fraud, collusion, lack of candor, or bad faith during the negotiation process. Plaintiffs' attorneys have engaged in sufficient investigation to understand the strengths and weaknesses of the asserted claims, and the corporate governance reforms on which the parties have agreed will immediately benefit Athira and its shareholders while avoiding the risks and costs of further litigation. The Court concludes that the proposed settlement appears to be fair, reasonable, and adequate, but the Court's preliminary approval is subject to change pending the outcome of a hearing on final approval of the proposed settlement.

(3) The Court will conduct a Final Approval Hearing on **Thursday, July 18, 2024**, at **10:30 a.m.**, in Courtroom 15206 on the 15th Floor of the United States Courthouse, located at 700 Stewart Street in Seattle, Washington. Counsel shall be present in person, but Plaintiffs and other shareholders may participate virtually via the ZoomGov.com platform. Counsel will be provided, via email, the ZoomGov.com information and shall make arrangements for such information, and any updates about the

ORDER - 7

1  Final Approval Hearing, including any rescheduling, to be made available to shareholders
2  via Athira's Investor Relations webpage.

3  (4) The forms of notice proposed by the parties are APPROVED with the
4  changes indicated in the versions attached to this Order as Exhibits 1 and 2.  As amended,
5  the Court concludes that the notices are sufficiently informative and offer shareholders an
6  adequate opportunity to respond.

7  (5) The plan of notice is APPROVED with the following changes:  (i) the
8  summary notice shall be published in *Investor's Business Daily*, as well as the *Wall Street*
9  *Journal*, the *New York Times*, and the *Seattle Times*;[1] and (ii) both the summary notice
10 and the long-form notice shall be uploaded to Athira's Investor Relations webpage
11 (https://investors.athira.com), and the link, tab, or icon for both notices shall appear
12 prominently on the webpage.  Athira shall issue a press release concerning the proposed
13 settlement, which shall include the address (or "URL") for Athira's Investor Relations
14 webpage, and Athira shall file a Form 8-K report with the SEC, appended to which shall
15 be a copy of the press release.  Athira shall bear all of the costs of providing notice in the
16 manner outlined above.  The plan of notice shall be executed within twenty-one (21) days
17 of the date of this Order.

18 (5) Plaintiffs' counsel shall file any motion for attorneys' fees, costs, and/or
19 service fees within fourteen (14) days of the date of this Order, and note such motion for

---

[1] Athira is headquartered in the Seattle area, and its investors might be more likely to receive news of the proposed settlement through the local media.  In *In re Wells Fargo*, notices were published in the *Wall Street Journal* and the *New York Times*, *see* 445 F. Supp. 3d at 517–18, and the Court concludes that notice will more probably reach the majority of interested shareholders if also placed in these nationally-circulated newspapers.

ORDER - 8

July 12, 2024.  A copy of such motion (and any supporting materials) shall be uploaded to Athira's Investor Relations webpage, and the link, tab, or icon for the motion shall appear prominently on the webpage.

(6) Written objections to the proposed settlement and/or to Plaintiffs' counsel's motion for attorneys' fees, costs, and/or service fees shall be submitted to David C. Katz, Weiss Law, 305 Broadway, 7th Floor, New York, NY 10007 via U.S. mail post-marked on or before **June 15, 2024**.  Mr. Katz shall circulate the materials he receives to all other counsel of record, but he shall not provide them in piecemeal fashion to the Court, but rather shall consolidate them into a sealed exhibit to a motion for final approval of the proposed settlement, which shall be filed by July 3, 2024, and noted for July 19, 2024.  Objections may also be presented during the course of the Final Approval Hearing regardless of whether any written objection was previously submitted.

(7) Pending final determination of whether the proposed settlement should be finally approved, Athira, Plaintiffs, and all current Athira stockholders are ENJOINED from commencing, continuing to prosecute, or soliciting any action or proceeding in any court or other forum in which any of the claims to be released pursuant to the proposed settlement are or will be asserted against any of the parties to this litigation.

(8) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 3rd day of May, 2024.

Thomas S. Zilly
United States District Judge

ORDER - 9