THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
9
**AT SEATTLE**

10

STEPHEN BUSHANSKY, derivatively on behalf
11  of ATHIRA PHARMA, INC.,

12                             Plaintiff,

13                 vs.                                   Case No. 2:22-cv-497-TSZ

14  LEEN KAWAS, KELLY A. ROMANO, JOSEPH        **PLAINTIFFS' UNOPPOSED MOTION**
    EDELMAN, JOHN M. FLUKE, JR., JAMES A.      **FOR APPROVAL OF ATTORNEYS'**
15  JOHNSON, BARBARA KOSACZ, and MARK          **FEES AND EXPENSES AND SERVICE**
    LITTON,                                     **AWARDS TO PLAINTIFFS**
16
                               Defendants,      **NOTED ON MOTION CALENDAR:**
17                                              **JULY 12, 2024**
                   and
18
    ATHIRA PHARMA, INC.,
19
                             Nominal Defendant.
20

21

22

23

24

25

26  PLAINTIFFS' UNOPPOSED MOTION FOR        **WEISS LAW**
    APPROVAL OF ATTORNEYS' FEES AND          305 Broadway, 7th Floor
27  EXPENSES AND SERVICE AWARDS TO           New York, New York 10007
    PLAINTIFFS                               Telephone: (212) 682-3025
28
    Lead Case No. 2:22-cv-497-TSZ

THOMAS HOULIHAN, derivatively on behalf of
ATHIRA PHARMA, INC.,

       Plaintiff,

  vs.

LEEN H. KAWAS, KELLY A. ROMANO,
JOSEPH EDELMAN, JOHN M. FLUKE, JR.,
JAMES A. JOHNSON, BARBARA KOSACZ,
MARK LITTON, and KEVIN CHURCH,

       Defendants,

  and

ATHIRA PHARMA, INC.,

       Nominal Defendant.

Case No. 2:22-cv-620-TSZ

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

## <u>TABLE OF CONTENTS</u>

**PAGE**

.   TABLE OF AUTHORITIES

I.   INTRODUCTION ............................................................................................. 1

II.   THE AGREED-UPON FEE AND EXPENSE AWARD IS
       FAIR AND REASONABLE AND SHOULD BE APPROVED ............................ 2

   A.   The Fee And Expense Amount Was Agreed To At Arm's-Length
              With The Assistance Of An Experienced Mediator .................................. 2

   B.   The Fee And Expense Amount Is Fair And Reasonable
              Considering The Results Obtained ......................................................... 4

   C.   The Fee And Expense Amount Is Fair And Reasonable
              In Light Of Other Pertinent Factors ...................................................... 7

     1.   The Risks of Litigation, Skill Required, and Standing of Counsel .................. 7

     2.   The Contingent Nature of Plaintiffs' Counsel's Representation
              Justifies the Fee and Expense Amount .................................................. 8

     3.   The Lodestar "Cross-Check" Supports the Fee and Expense Amount ............ 9

   D.   The Service Awards Should Be Approved ........................................... 12

III.   CONCLUSION ............................................................................................. 13

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

i

## <u>TABLE OF AUTHORITIES</u>

**PAGE**

*Brehm v. Eisner (In re Walt Disney Derivative Litig.)*,
   907 A.2d a, aff'd, 906 A.2d 27 (Del. 2006) ...................................................... 9

*Buccellato v. AT&T Operations, Inc.*,
   2011 U.S. Dist. LEXIS 85699 (N.D. Cal. June 30, 2011) ................................. 10

*Chrysler Corp. v. Dann*,
   223 A.2d 384 (Del. 1966) ............................................................... 5, 8-9

*Chun-Hoon v. McKee Foods Corp.*,
   716 F. Supp. 2d 848 (N.D. Cal. 2010) ........................................................ 10

*Cohn v. Nelson*,
   375 F. Supp. 2d 844 (E.D. Mo. 2005) .................................................... 2, 6, 10

*Court Awarded Attorney's Fees*,
   108 F.R.D. 237 (3d. Cir. 1985) ............................................................... 4

*Destefano v. Zynga, Inc.*,
   2016 U.S. Dist. LEXIS 17196 (N.D. Cal. Feb. 11, 2016) .................................. 10

*Emerald Partners v. Berlin*,
   787 A.2d 85 (Del. 2001) ..................................................................... 9

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ........................................................................ 2

*In re 3Com Corp. Sec. Litig.*,
   No. C-9-21083, slip op (N.D. Cal. Mar. 9, 2001) ......................................... 10

*In re AOL Time Warner S'holder Derivative Litig.*,
   2009 U.S. Dist. LEXIS 124372 (S.D.N.Y. Feb. 1, 2010) ................................... 3

*In re Apple Computer, Inc. Derivative Litig.*,
   2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) .................................. 3

*In re Apple Inc. Device Performance Litig.*,
   2021 U.S. Dist. LEXIS 50550 (N.D. Cal. Mar. 17, 2021) .................................. 3

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
   909 F. Supp. 2d 259 (S.D.N.Y. 2012) ..................................................... 10

*In re Caremark Int'l*,
   698 A.2d 959 (Del. Ch. Sept. 25, 1996) .................................................... 7

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS                                              ii

Lead Case No. 2:22-cv-497-TSZ

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

*In re Cendant Corp. Derivative Action Litig.*,
   232 F. Supp. 2d 327 (D.N.J. 2002) ...................................................................... 12

*In re F5 Networks, Inc. Derivative Litig.*,
   2011 U.S. Dist. LEXIS 169352 (W.D. Wash. Jan. 6, 2011) ........................................ 6

*In re Infinity Broad. Corp. S'holders Litig.*,
   802 A.2d 285 (Del. 2002) ............................................................................... 4

*In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
   2009 U.S. Dist. LEXIS 120953 (S.D.N.Y. Dec. 23, 2009) ......................................... 11

*In re MRV Commc'ns, Inc. Derivative Litig.*,
   2013 U.S. Dist. LEXIS 86295 (C.D. Cal. June 6, 2013) ........................................ 4, 7

*In re NTL, Inc. Sec. Litig.*,
   2007 U.S. Dist. LEXIS 32285 (S.D.N.Y. May 2, 2007) ........................................... 11

*In re NTL, Inc. Sec. Litig.*,
   2007 U.S. Dist. LEXIS 13661 (S.D.N.Y. Mar. 1, 2007) ...................................... 10-11

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) .......................................................................... 13

*In re Pac. Enters. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1994) ............................................................................ 7

*In re Plains Res., Inc. S'holders Litig.*,
   2005 Del. Ch. LEXIS 12 (Del. Ch. Feb. 4, 2005) .................................................. 9

*In re Southern Company S'holder Litig.*,
   No. 117-cv-00725-MHC, slip op. (N.D. Ga. June 9, 2022) ....................................... 6

*In re Tesla Inc. S'holder Derivative Litig.*,
   2023 U.S. Dist. LEXIS 165018 (N.D. Cal. 2023) .................................................. 9

*In re Warner Commun's Sec. Litig.*,
   618 F. Supp. 735, 749 (S.D.N.Y. 1985) ............................................................. 8

*Ingram v. Coca-Cola Co.*,
   200 F.R.D. 685 (N.D. Ga. 2001) .................................................................... 2-3

*Jermyn v. Best Buy Stores, L.P.*,
   2012 U.S. Dist. LEXIS 90289 (S.D.N.Y. June 27, 2012) ......................................... 11

*Johnson v. Ga. Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ........................................................................... 4

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS                                         iii

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

Lead Case No. 2:22-cv-497-TSZ

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.),*
   654 F.3d 935 (9th Cir. 2011) ........................................................................... 8

*Kahn v. Lynch Commc'n. Sys., Inc.,*
   669 A.2d 79 (Del. 1995) ................................................................................. 9

*Klein v. City of Laguna Beach,*
   810 F.3d 693 (9th Cir. 2016) ...................................................................... 4-5

*Lizondro–Garcia v. Kefi LLC,*
   2014 U.S. Dist. LEXIS 143165 (S.D.N.Y. Oct. 7, 2014) ........................... 12

*Maher v. Zapata Corp.,*
   714 F.2d 436 (5th Cir. 1983) ..................................................................... 5, 7

*McKittrick v. Gardner,*
   378 F.2d 872 (4th Cir. 1967) ......................................................................... 8

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) ......................................................................... 3

*Roberti v. OSI Sys., Inc,*
   2015 U.S. Dist. LEXIS 164312 (C.D. Cal. Dec. 8, 2015) ...................... 9, 12

*Sauby v. City of Fargo,*
   2009 U.S. Dist. LEXIS 70270 (D.N.D. July 16, 2009) ............................. 12

*Seinfeld v. Coker,*
   847 A.2d 330 (Del. Ch. 2000) ..................................................................... 12

*Seinfeld v. Robinson,*
   246 A.D.2d 291 (N.Y. App. 1st Dep't. 1998) ............................................... 5

*Stedman v. Progressive Direct Ins. Co.,*
   2023 U.S. Dist. LEXIS 164860 (W.D. Wash. Sep. 14, 2023) .................... 12

*Vizcaino v. Microsoft Corp.,*
   290 F.3d 1043 (9th Cir. 2002) ........................................................... 9-10, 10

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS                                                        iv

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

Lead Case No. 2:22-cv-497-TSZ

## I.    INTRODUCTION

Plaintiffs Stephen Bushansky ("Bushansky") and Thomas Houlihan ("Houlihan") respectfully present this Motion for Approval of Attorneys' Fees and Expenses and Service Awards to Plaintiffs as provided for in the Stipulation of Settlement and Release Agreement dated March 15, 2024 (the "Stipulation" or "Stip.").[1] The Settlement was reached after extensive arm's-length negotiations between well-informed, experienced counsel, with the assistance of a highly qualified mediator following substantial investigation. *See* Declaration of David C. Katz and Patrick Slyne ("Lead Counsel Decl."), ¶¶ 5, 19-24. The Settlement, including the agreed-upon Fee And Expense Amount, has been evaluated and approved by a Committee of independent directors appointed by the Athira Pharma, Inc. ("Athira" or the "Company") Board of Directors (the "Board"), with the assistance of its own independent counsel and in the exercise of its business judgment. The Board, in the exercise of its business judgment and upon the recommendation of the Committee also approved the Settlement, including the Fee and Expense Amount. Further, the Board issued a resolution that the Settlement and its terms provide a substantial benefit to, and are in the best interests of, the Company and its stockholders and agreed to enact the Governance Reforms within sixty (60) days of entry of Judgment if the Settlement is approved by the Court. Stip. at 5, §IV.

The Court preliminarily approved the Settlement on May 3, 2024. Pursuant to the Preliminary Approval Order, Notice is being disseminated to Current Athira Stockholders. The Final Approval Hearing is scheduled to be held on July 18, 2024. If approved, the Settlement would fully resolve this consolidated stockholder derivative action brought for the benefit of Athira and two separate litigation demands made upon the Board by Athira stockholders Ali Soofi ("Soofi") and Travis Vrana ("Vrana") alleging similar conduct as the consolidated derivative action.

The Settlement is an outstanding resolution and the product of extensive arm's-length

---

[1] Unless otherwise defined, capitalized terms will have the same meaning as set forth in the Stipulation attached as Exhibit A to the Declaration of David C. Katz in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement (ECF No. 18), all emphasis is added, and internal quotation marks and citations are omitted.

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

1

negotiations between the Parties, overseen by Jed D. Melnik, Esq. of JAMS, an experienced mediator (the "Mediator"), who also separately mediated the resolution of the Securities Class Action. Stip. at 4. After reaching agreement in principle on the substantive consideration for the Settlement, the Settling Parties commenced good faith, arm's-length negotiations concerning attorneys' fees, expenses and service awards to plaintiffs, all overseen and assisted by the Mediator. In recognition of the substantial benefits the Settlement confers on Athira and its stockholders, Athira has agreed to pay and/or cause to be paid to Plaintiffs' Counsel the Fee and Expense Amount of $1,150,000, subject to this Court's approval. Plaintiffs respectfully submit that the Fee and Expense Amount is fair and reasonable in light of the substantial value conferred upon Athira and its stockholders by the Settlement and all other relevant factors.

Plaintiffs also seek approval of a modest $3,000 Service Award for each Plaintiff in the Derivative Actions, totaling $12,000, to be paid from the Fee and Expense Amount, to compensate them for stepping forward and dedicating their time and attention to the successful prosecution of this matter on behalf of Athira and Current Athira Stockholders.

## II.   THE AGREED-UPON FEE AND EXPENSE AWARD IS FAIR AND REASONABLE AND SHOULD BE APPROVED

### A.   The Fee And Expense Amount Was Agreed To At Arm's-Length With The Assistance Of An Experienced Mediator

The U.S. Supreme Court has endorsed the consensual resolution of attorneys' fees as the ideal toward which litigants should strive. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."); *see also Cohn v. Nelson*, 375 F. Supp. 2d 844, 861 (E.D. Mo. 2005) ("where, as here, the parties have agreed on the amount of attorneys' fees and expenses, courts give the parties' agreement substantial deference").

Where there is no evidence of collusion and no detriment to the parties, as here, the Court should give "substantial weight to a negotiated fee amount." *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 695

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS

2

(N.D. Ga. 2001); *see Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."); *In re Apple Computer, Inc. Derivative Litig.*, 2008 U.S. Dist. LEXIS 108195, at *12 (N.D. Cal. Nov. 5, 2008) ("A court should refrain from substituting its own value for a properly bargained-for agreement.").

A mediator's involvement in the negotiation of attorneys' fees ensures there was no collusion and that the fees reflect an agreement reached at arm's-length.  *See In re Apple Inc. Device Performance Litig.*, 2021 U.S. Dist. LEXIS 50550, at *44 (N.D. Cal. Mar. 17, 2021) (highlighting that the settlement was reached "only after extensive arm's-length negotiations between experienced counsel, including several in-person mediation sessions and additional negotiations facilitated by [the mediator]" "demonstrates non-collusive conduct"); *In re AOL Time Warner S'holder Derivative Litig.*, 2009 U.S. Dist. LEXIS 124372, at *74 (S.D.N.Y. Feb. 1, 2010) (A "'mediator's involvement in ... settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure.'") (quoting *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85  (2d Cir. 2001)).

Here, the Court is not being called upon to fashion a fee and expense amount; rather, the Court is respectfully requested to determine whether the Fee and Expense Amount agreed to by well-represented parties at arm's-length, and with the assistance of an experienced mediator, is fair and reasonable under the circumstances.  Unlike in class actions, where the diverging interests of class counsel and absent class members at the fee stage warrant close judicial scrutiny, in these stockholder Derivative Actions, Athira and the Defendants were parties to the negotiations, were represented by their own top-flight legal counsel, and had every incentive to pay no more than the lowest possible amount of attorneys' fees.

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

3

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

After the principle terms of the Settlement were reached, Plaintiffs' Counsel negotiated with their adversaries, who witnessed their litigation efforts and results firsthand. Defendants' Counsel are employed by some of the finest and most respected firms in the country, have litigated complex stockholder actions for many years, and know the applicable law pertaining to attorneys' fees. The Settling Parties' negotiations were based upon a knowledgeable analysis of what fair and reasonable attorneys fees would be for the benefits achieved and were informed by their counsel's knowledge of fees in similar situations. In such circumstances, the end result of those negotiations—reflecting all Parties' experiences and the Mediator's efforts to reach an appropriate amount of attorneys' fees—is entitled to a great deal of judicial weight. *See Court Awarded Attorney's Fees*, 108 F.R.D. 237, 267 (3d. Cir. 1985); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) ("in cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorneys' fees." ).

The Ninth Circuit has enumerated several factors to consider when determining the reasonableness of attorneys' fees, including: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by plaintiffs' counsel; and (6) the awards made in similar cases. *In re MRV Commc'ns, Inc. Derivative Litig.*, 2013 U.S. Dist. LEXIS 86295, at *8 (C.D. Cal. June 6, 2013).[2] The Fee and Expense Amount is demonstrably fair and reasonable in light of these factors.

**B.     The Fee And Expense Amount Is Fair And Reasonable Considering The Results Obtained**

"'[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained.'" *Klein v. City of Laguna Beach,* 810 F.3d 693, 698-99 (9th Cir. 2016) (quoting *Farrar*

---

[2] Athira is a Delaware corporation, and the courts of Delaware courts use similar factors: (1) the results accomplished for the benefit of the stockholders; (2) the efforts of counsel and the time spent on the case; (3) the contingent nature of the fee; (4) the difficulty of the litigation; (5) and the standing and ability of counsel involved. *In re Infinity Broad. Corp. S'holders Litig.*, 802 A.2d 285, 293 (Del. 2002) (citing *Sugarland Indus., Inc. v. Thomas*, 420 A.2d 142, 149 (Del. 1980)).

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS                                              4

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

Lead Case No. 2:22-cv-497-TSZ

*v. Hobby*, 506 U.S. 103, 114 (1992).  Plaintiffs in representative actions such as the Derivative Actions are entitled to an award of attorneys' fees if their efforts confer a substantial benefit on the corporation and/or its stockholders. *See In re Nvidia Corp. Derivative Litig.*, 2009 U.S. Dist. LEXIS 24973, at *12 (N.D. Cal. Mar. 18, 2009) ("Under the 'substantial benefit' doctrine, counsel who prosecute a shareholders' derivative case which confers benefits on the corporation are entitled to an award of attorneys' fees and costs.")  It is well established that the benefit to the company need not be pecuniary in nature, and that corporate governance reforms furnish a benefit to all stockholders. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 395 (1970) ("[A] corporation may receive a 'substantial benefit' from a [stockholder's action], justifying an award of counsel fees, regardless of whether the benefit is pecuniary in nature.... "); *Lewis v. Anderson*, 692 F.2d 1267, 1271 (9th Cir. 1982) (finding that corporate governance reforms are "sufficiently beneficial to a corporation" to warrant settlement approval and an attorneys' fee award);   *In re Oracle Sec. Litig.*, 852 F. Supp. 1437, 1445-50 (N.D. Cal. 1994) (governance changes likely to produce monetary benefits or cost avoidance are "'fund creating actions'" meriting attorneys' fees and expenses) (quoting *Tandycrafts, Inc. v. Initio Partners*, 562 A.2d 1162, 1164-65 (Del. 1989)).

Here, the significant therapeutic benefits conferred upon Athira and Current Athira Stockholders as a result of the Settlement well-merit approval of the Fee and Expense Amount.  *See Chrysler Corp. v. Dann*, 223 A.2d 384, 386-89 (Del. 1966) (holding that changes in corporate policy or a heightened level of protection for stockholders justifies an award of counsel fees); *see also Maher v. Zapata Corp.*, 714 F.2d 436, 466 (5th Cir. 1983) (approving fees in a therapeutic derivative settlement because "influencing the future conduct may serve the interests of the corporation as fully as a recovery for past misconduct […].");  *Seinfeld v. Robinson*, 246 A.D.2d 291, 298 (N.Y. App. 1st Dep't. 1998) (approving fees for settlement of a derivative action that resulted in the corporation "implementing procedures that will prevent the exact sequence of events from reoccurring, [therefore] plaintiffs have furnished a benefit to all shareholders").

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

5

As a result of the events at issue, the Company has agreed to pay $10 million to settle claims in the Securities Class Action; it's market capitalization over the course of the class period in that Action plunged by about $75 million.  The Settlement's preventing, or at least reducing, the possibility of Athira suffering similar (or even greater) harm in the future has a value that likely exceeds any monetary damages Plaintiffs could recover through further litigation.  Athira has agreed to maintain the Governance Reforms for a minimum of five (5) years, which is a meaningful amount of time to ensure that the Governance Reforms become embedded in the Company's policies, practices, and corporate culture.  *See Cohn*, 375 F. Supp. 2d at 850 (finding that corporate governance enhancements that must be in place for no less than three years will "provide meaningful ways of avoiding the problems [the company] experienced in the recent past").  In light of the substantial benefits conferred upon Athira and Current Athira Stockholders, the agreed Fee and Expense Amount is eminently reasonable.  Indeed, in the Order preliminarily approving the Settlement, the Court expressly held that "the corporate governance reforms on which the parties have agreed will immediately benefit Athira and its shareholders while avoiding the risks and costs of further litigation."  ECF No. 21 at 7.[3]

The Fee and Expense Amount is also reasonable in light of attorneys' fees approved in other derivative settlements with comparable or less robust corporate governance reform packages.  *See, e.g.*, *In re F5 Networks, Inc. Derivative Litig.*, 2011 U.S. Dist. LEXIS 169352, at *3 (W.D. Wash. Jan. 6, 2011) ($5 million fee in governance-only settlement); *In re Southern Company S'holder Litig.*, No. 117-cv-00725-MHC, slip op. (N.D. Ga. June 9, 2022) ($3.5  million fee for corporate therapeutics) Lead Counsel Decl., Ex. 6; *Nixon-Crenshaw derivatively for Dycom Industries, Inc.*, No. 18-25289-CIV-Singhal/Goodman (S.D. Fla. 2021) ($2.5 million fee in governance-only settlement); Lead Counsel Decl., Ex. 7; *In re MiMedx Group, Inc. S'holder Deriv. Litig.*, No. 1:18-cv-04486-WMR (N.D. Ga.)

---

[3] The Governance Reforms are attached as Exhibits 1-4 to the Stipulation and were extensively discussed in Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement. *See* ECF No. 17 at §III.  As such, Plaintiffs incorporate that discussion herein.

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

6

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

($3.5 million fee for corporate therapeutics) Lead Counsel Decl., Ex. 8; *In re HD Supply Holdings Inc. Deriv. Litig.*, No. 1:17-cv-02977-MLB (N.D. Ga. 2021) (granting attorneys' fees of $1.9 million) Lead Counsel Decl., Ex. 9; *In re RTI Surgical Deriv. Litig.*, No. 1:20-cv-3347-MFK (N.D. Ill. 2020) (granting attorneys' fees of $1.5 million) Lead Counsel Decl. Ex. 10; *Sciabacucchi et al v. Barton et al*, Docket No. 2:17-cv-01568 (W.D. Wash. Oct 23, 2017) (granting attorneys' fees of $1.3 million for corporate governance therapeutics) Lead Counsel Decl., Ex 11.

### C.   The Fee And Expense Amount Is Fair And Reasonable In Light Of Other Pertinent Factors

#### 1.   The Risks of Litigation, Skill Required, and Standing of Counsel

Plaintiffs believed and continue to believe that their claims are meritorious, but derivative litigation is highly complex, and inherently risky.  Indeed, the Ninth Circuit has noted that "the odds of winning [a] derivative lawsuit [are] extremely small" because "derivative lawsuits are rarely successful." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1994); *see also Maher*, 714 F.2d at 455 ("Settlements of shareholder derivative actions are particularly favored because such litigation is notoriously difficult and unpredictable"). As such, the Delaware Court of Chancery has described the failure of a Board's duty to monitor as "possibly the most difficult theory in corporation law upon which a plaintiff might hope to win a judgment." *In re Caremark Int'l*, 698 A.2d 959, 967 (Del. Ch. Sept. 25, 1996).

The skill and experience required to successfully prosecute and resolve these inherently risky Derivative Actions are additional factors that support approval of the Fee and Expense Amount.  *See MRV Commc'ns*, 2013 U.S. Dist. LEXIS 86295, at *8 (approving fee and finding that "the successful prosecution of this action required knowledge and expertise in the fields of shareholder derivative litigation and options backdating.").   Here, Plaintiffs' Counsel are nationally recognized practitioners in the field of stockholder derivative litigation and have been responsible for many significant recoveries.  *See* Lead Counsel Decl. at Exs. 1-5. Plaintiffs' Counsel provided extensive,

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS

7

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

Lead Case No. 2:22-cv-497-TSZ

high-quality representation throughout the pendency of the Derivative Actions, leveraging their substantial experience, informed by their substantial investigation, and armed with high-quality pleadings to negotiate the highly beneficial terms of the Settlement. *See* Lead Counsel Decl. ¶¶ 35-37.

The standing of opposing counsel may also be considered in determining an allowance of counsel fees. *See In re Warner Commun's Sec. Litig.,* 618 F. Supp. 735, 749 (S.D.N.Y. 1985). Defendants were represented in the Derivative Actions by experienced, skillful, and well-respected attorneys that vigorously defended their clients' interests. Defendants' Counsel were motivated to negotiate an attorneys' fee provision that was fair and in the best interests of their clients.

The quality of Plaintiffs' Counsel's efforts throughout the Derivative Actions while facing premier international defense firms demonstrates that the Fee and Expense Amount is fair and reasonable and should be approved. *Id.* ("The quality of opposing counsel is also important in evaluating the quality of plaintiffs' counsels' work."), *aff'd,* 798 F.2d 35 (2d Cir. 1986).

### 2. The Contingent Nature of Plaintiffs' Counsel's Representation Justifies the Fee and Expense Amount

Courts have long recognized that in reviewing fee agreements, the fact that Plaintiffs' Counsel's compensation is contingent upon recovery should be taken into account. *See Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*), 654 F.3d 935, 941 (9th Cir. 2011) ("[R]easonableness" factors, include "the quality of representation, the benefit obtained [], the complexity and novelty of the issues presented, and the risk of nonpayment . . ."). The contingency factor is based on elementary considerations of fairness and justice. As the Fourth Circuit explained in *McKittrick v. Gardner*, 378 F.2d 872, 875 (4th Cir. 1967), "[t]he effective lawyer will not win all of his cases, and any determination of the reasonableness of his fees in those cases in which his client prevails must take account of the lawyer's risk of receiving nothing for his services." *See also Chrysler*, 223 A.2d at 389 (Chancellor exercised "sound business judgment" by taking "the

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS

8

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

Lead Case No. 2:22-cv-497-TSZ

contingent nature of the litigation" into consideration in approving attorneys' fees); *In re Plains Res., Inc. S'holders Litig.*, 2005 Del. Ch. LEXIS 12, at *3 (Del. Ch. Feb. 4, 2005) (noting public policy "to reward this risk-taking in the interests of shareholders").

Non-payment in contingent-fee stockholder litigation is a real risk posed to plaintiffs' counsel. For example, in the well-known *Disney* derivative action, the plaintiffs' counsel devoted thousands of hours, and incurred millions of dollars in expenses, only to see judgment entered against them on all claims, which was affirmed on appeal. *Brehm v. Eisner (In re Walt Disney Derivative Litig.)*, 907 A.2d at 693, *aff'd*, 906 A.2d 27 (Del. 2006). Indeed, there are numerous examples of other stockholder actions that were dismissed outright on motion practice, whether at the pleading stage or on summary judgment or ultimately ended in post-trial defeat.[4] No fee of any sort is earned or awarded in such cases, nor do the plaintiffs' counsel recover their often-substantial out-of-pocket expenses.

Thus, the contingent nature of Plaintiffs' Counsels' undertaking, especially in light of the substantial inherent risks of the litigation, further supports approval of the Fee and Expense Amount.

### 3.   The Lodestar "Cross-Check" Supports the Fee and Expense Amount

A so-called "lodestar cross-check"[5] also supports the reasonableness of the agreed-to Fee and Expense Amount. *See Roberti v. OSI Sys., Inc*, 2015 U.S. Dist. LEXIS 164312, at *19 (C.D. Cal. Dec. 8, 2015) ("The reasonableness of [the fee award] is confirmed by a cross-check with a lodestar comparison."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation,

---

[4] *See, e.g.*, *In re Tesla Inc. S'holder Derivative Litig.* , 2023 U.S. Dist. LEXIS 165018 (N.D. Cal. 2023); *Emerald Partners v. Berlin*, 787 A.2d 85 (Del. 2001) (entering judgment for defendants on all claims after two trials); *Kahn v. Lynch Commc'n. Sys., Inc.,* 669 A.2d 79 (Del. 1995) (dismissal of all plaintiffs' derivative claims on appeal).

[5] The "lodestar" is produced by multiplying the number of hours expended by counsel's hourly rate. *Roberti*, 2015 U.S. Dist. LEXIS 164312, at *19.

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

9

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

provides a check on the reasonableness of the percentage award.").   Nonetheless, when considering

a fee and expense amount in shareholder derivative actions, courts should look beyond a simple

lodestar calculation in making a fee award. *Cohn*, 375 F. Supp. 2d at 862 (citing *Blum v. Stenson*,

465 U.S. 886 (1984)).

Plaintiffs' Counsel committed significant time and expense to prosecuting the Derivative

Actions, including a collective lodestar of $1,388,774.75 and $29,687.02 in unreimbursed, out-of-

pocket expenses. *See* Lead Counsel Decl. at ¶ 43.   It is common in complex cases such as the

Derivative Actions to award substantial multipliers to successful counsel's lodestar. *See, e.g.*,

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-54 (9th Cir. 2002) (affirming fee award equal to

lodestar multiplier of 3.65, and citing 23 shareholder settlements and multipliers for each where the

average multiplier was 3.28); *Destefano v. Zynga, Inc.*, 2016 U.S. Dist. LEXIS 17196, at *69 (N.D.

Cal. Feb. 11, 2016) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class

action cases."); *Buccellato v. AT&T Operations, Inc.*, 2011 U.S. Dist. LEXIS 85699, at *4 (N.D.

Cal. June 30, 2011) (approving 4.3 lodestar multiplier and listing cases approving multipliers ranging

from 4.3 to 9.3); *In re 3Com Corp. Sec. Litig.*, No. C-97-21083, slip op. at 7 (N.D. Cal. Mar. 9, 2001)

(6.7 multiplier).

Here, however, Plaintiff's Counsel have a ***negative*** multiplier of 0.80.[6] Lead Counsel Decl.

at ¶ 44.  A "multiplier of less than one (sometimes called a negative multiplier) further suggests that

the negotiated fee award is a reasonable and fair valuation of the services rendered [] by [] counsel."

*Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 854 (N.D. Cal. 2010); *see also In re Bear*

*Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.,* 909 F. Supp. 2d 259, 271 (S.D.N.Y. 2012)

("[T]he lodestar cross-check results in a negative multiplier of less than 0.92 – a strong indication of

the reasonableness of the proposed fee."); *In re NTL, Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 13661,

---

[6] $1,150,000 - $12,000 Service Awards - $29,687.02 expenses = $1,108,312.98 (Total Fee).  Total
Fee divided by $1,388,774.75 collective lodestar = 0.80 negative multiplier.

PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARDS TO
PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

10

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

at *30 (S.D.N.Y. Mar. 1, 2007); *adopted by* 2007 U.S. Dist. LEXIS 32285 (S.D.N.Y. May 2, 2007) (negative multiplier "is reasonable because it will not bring a windfall to co-lead plaintiffs' counsel"); *Jermyn v. Best Buy Stores, L.P.*, 2012 U.S. Dist. LEXIS 90289, at *27 (S.D.N.Y. June 27, 2012) ("negative" lodestar multiple indicates reasonableness of fee); *In re Marsh & McLennan Cos., Inc. Sec. Litig.,* 2009 U.S. Dist. LEXIS 120953, at *59 (S.D.N.Y. Dec. 23, 2009) (fee request constituting "deep discount" from lodestar "unquestionably" supports the award).

The time spent by Plaintiffs' Counsel is reasonable under the circumstances of the Derivative Actions. Plaintiffs' Counsel expended significant time and expenses in order to achieve the benefits of the Settlement, including, *inter alia*: (i) reviewing and analyzing the Company's filings with the Securities and Exchange Commission; (ii) reviewing and analyzing press releases, announcements, transcripts of conference calls with financial analysts and investors, news articles, media reports, and other publicly available information concerning matters alleged in the Derivative Actions; (iii) reviewing and analyzing documents produced by Athira pursuant to a books-and-records demand under Section 220 of the Delaware General Corporation Law and a confidentiality agreement consisting of Athira board minutes and related materials concerning the facts and circumstances at issue; (iv) reviewing and analyzing the pleadings and other papers filed in the Securities Class Action (v) reviewing and analyzing the Company's Corporate Governance Guidelines, Code of Business Conduct. and Ethics, and the charters of the Audit Committee and the Nominating and Corporate Governance Committee of Athira's Board of Directors; (vi) researching relevant information available from Washington State University, the U.S. Patent and Trademark Office, and the National Institute of Health concerning the facts and circumstances at issue; (vii) researching, drafting, and filing derivative complaints and preparing and serving a books-and-records inspection demand and litigation demands; (viii) researching the applicable law with respect to the claims asserted in the Derivative Actions and the potential defenses thereto; (ix) preparing detailed

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS 11

Lead Case No. 2:22-cv-497-TSZ

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

settlement demands; and (x) engaging in substantive, protracted settlement discussions with Defendants' counsel under the auspices of the Mediator. *See* Lead Counsel Decl. at ¶45.

In addition, the hourly rates charged by Plaintiffs' Counsel are unquestionably reasonable. *See Roberti*, 2015 U.S. Dist. LEXIS 164312, at *19; *Seinfeld v. Coker*, 847 A.2d 330, 337-38 (Del. Ch. 2000) (awarding fee amounting to more than $1,300 per hour). Indeed, the hourly rates charged by Plaintiffs' Counsel are comparable to the fees charged by Defendants' counsel.[7] Accordingly, the lodestar "cross-check" confirms that the agreed-to Fee and Expense Amount is fair and reasonable compensation for the time and labor Plaintiffs' Counsel expended in achieving the benefits of the Settlement.

### D.   The Service Awards Should Be Approved

Plaintiffs respectfully request that the Court approve nominal service awards of $3,000 for each of the Plaintiffs - to be paid from the Fee and Expense Amount - in recognition of the substantial benefits achieved for Athira and Current Athira Stockholders (Stip., ¶V(D)(5)), which are well within the range approved by courts in derivative actions in this District and others as fair and reasonable. *See Stedman v. Progressive Direct Ins. Co.*, 2023 U.S. Dist. LEXIS 164860, at *13-14 (W.D. Wash. Sep. 14, 2023) ("[R]easonable [service] awards to class representatives are permitted."); *Lizondro–Garcia v. Kefi LLC*, 2014 U.S. Dist. LEXIS 143165, at *23 (S.D.N.Y. Oct. 7, 2014) (service awards common in stockholder representative actions); *In re Cendant Corp. Derivative Action Litig.*, 232 F. Supp. 2d 327, 344 (D.N.J. 2002) (service awards recognize plaintiffs' public service); *Sauby v. City of Fargo*, 2009 U.S. Dist. LEXIS 70270, at *3 (D.N.D. July 16, 2009) (approving awards of $5,000 and $10,000 not "to 'compensate' plaintiffs, but instead serve to encourage people with legitimate claims to pursue the action"); *Geare v. Begley, et al.*, No. 11-

---

[7] *See* Brightflag, Hourly Rates in Am Law 100 Firms: Increases and Key Drivers, 2023 (available at https://brightflag.com/asset/law-firm-rates-report/?utm_source=press_release&utm_medium=press_release&utm_campaign=rate_report). In this report, billable rates for the top 100 U.S. law firms averaged $961 per hour in the first nine months of 2023 with a billable rate of between $321 and $1,433 per hour across all the firms.

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS

Lead Case No. 2:22-cv-497-TSZ

12

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

cv-09074, Final Order and Judgment, ¶3 (N.D. Ill. Jan. 23, 2015) (awarding $3,000 per plaintiff), Lead Counsel Decl., Ex. 12. In this district, five thousand dollars has been approved as a reasonable amount for a service award. *Stedman*, at *14. *See, e.g., In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947-48 (9th Cir. 2015).

## III.  CONCLUSION

The agreed-to Fee and Expense Amount, including the Service Awards to be drawn therefrom, is entirely fair and reasonable in light of the substantial benefits achieved in the Derivative Actions for the benefit of Athira and Current Athira Stockholders, and all other relevant factors. Accordingly, for all of the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Approval of Attorneys' Fees and Expenses and Service Awards to Plaintiffs.

Dated: May 17, 2024

**WEISS LAW**

*/s/ Joshua M. Rubin*
Joshua M. Rubin
David C. Katz
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: jrubin@weisslawllp.com
       dkatz@weisslawllp.com

Patrick Slyne
**SLYNE LAW LLC**
800 Westchester Avenue, N641
Rye Brook, NY 10573
Telephone: (914) 279-7000
Email: Patrick.Slyne@slynelaw.com

*Co-Lead Counsel for Plaintiffs*

Miles A. Yanick
**Yanick Law & Dispute Resolution PLLC**
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
Telephone: (206) 455-5924
Email: myanick@yanicklaw.com

*Local Counsel for Plaintiffs*

PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS

13

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

Lead Case No. 2:22-cv-497-TSZ