THE HONORABLE THOMAS S. ZILLY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STEPHEN BUSHANSKY, derivatively on behalf of ATHIRA PHARMA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEEN KAWAS, KELLY A. ROMANO, JOSEPH EDELMAN, JOHN M. FLUKE, JR., JAMES A. JOHNSON, BARBARA KOSACZ, and MARK LITTON, <br><br> Defendants, <br><br> and <br><br> ATHIRA PHARMA, INC., <br><br> Nominal Defendant. | Case No. 2:22-cv-497-TSZ <br><br> **[PROPOSED] JUDGMENT** |
| THOMAS HOULIHAN, derivatively on behalf of ATHIRA PHARMA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEEN H. KAWAS, KELLY A. ROMANO, JOSEPH EDELMAN, JOHN M. FLUKE, JR., JAMES A. JOHNSON, BARBARA KOSACZ, MARK LITTON, and KEVIN CHURCH, <br><br> Defendants, <br><br> and <br><br> ATHIRA PHARMA, INC., | Case No. 2:22-cv-620-TSZ |

[PROPOSED] JUDGMENT

Lead Case No. 2:22-cv-497-TSZ

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

Nominal Defendant.

Case 2:22-cv-00497-TSZ   Document 27   Filed 07/05/24   Page 2 of 8

1   **WHEREAS**, the above-captioned consolidated derivative action is pending in this Court;

2   **WHEREAS**, (i) Plaintiffs Stephen Bushansky and Thomas Houlihan, derivatively on behalf of Athira Pharma, Inc. ("Athira"), and Athira stockholders Ali Soofi and Travis Vrana who made litigation demands on Athira (collectively with Plaintiffs Stephen Bushansky and Thomas Houlihan, "Plaintiffs"); (ii) defendants Dr. Leen Kawas, Kelly A. Romano, Joseph Edelman, John M. Fluke, Jr., James A. Johnson, Barbara Kosacz, Dr. Mark Litton, Glenna Mileson, and Dr. Kevin Church (collectively, the "Individual Defendants"); and (iii) Athira, as nominal defendant (collectively, with the Individual Defendants, the "Defendants" and together with the "Plaintiffs," the "Parties"), have reached a proposed settlement on the terms and conditions set forth in the Stipulation of Settlement and Release Agreement dated March 15, 2024, and the exhibits thereto (the "Stipulation"), subject to the approval of this Court;

**WHEREAS**, the Settlement provides for complete dismissal with prejudice of the claims asserted in the Derivative Actions against the Defendants;

**WHEREAS**, by Order dated May 3, 2024 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that Notice of the proposed Settlement be provided to Current Athira Stockholders; (c) provided Current Athira Stockholders with the opportunity to object to the proposed Settlement or the agreed-to Fee and Expense Amount or Service Awards; and (d) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS,** the Court conducted a hearing on July 18, 2024 (the "Settlement Hearing") to consider, among other things, (i) whether the proposed Settlement as set forth in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) whether a final judgment should be entered dismissing with prejudice the Derivative Actions; and

**WHEREAS,** it appearing that due notice of the terms of the Settlement and Releases and the Settlement Hearing has been given in accordance with the Preliminary Approval Order; the Parties having appeared by their respective attorneys of record; the Court having heard and considered evidence in support of the Settlement; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all other persons or entities requesting to be heard in

[PROPOSED] JUDGMENT  
Lead Case No. 2:22-cv-497-TSZ

WEISS LAW  
305 Broadway, 7th Floor  
New York, New York 10007  
Telephone: (212) 682-3025

- 2 -

accordance with the Preliminary Approval Order; the Court having determined that notice to Current Athira Shareholders was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. **Definitions** – This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms not otherwise defined herein shall have the same meaning as defined in the Stipulation.

2. **Jurisdiction** – For purpose of effectuating the Settlement, the Court has jurisdiction over the subject matter of the Derivative Actions and all Parties to the Derivative Actions and any Current Athira Stockholder.

3. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on March 18, 2024, and its exhibits.

4. **Derivative Action Properly Maintained; Adequacy of Plaintiffs and Plaintiffs' Counsel** – The Court finds, based on the record in the Derivative Actions, that each of the provisions of Rule 23.1 of the Federal Rules of Civil Procedure has been satisfied and the Derivative Actions have been properly maintained according to Rule 23.1. Plaintiffs and Plaintiffs' Counsel have adequately represented the interests of Athira and its shareholders both in terms of litigating the Derivative Actions and for purposes of entering into and implementing the Settlement. Each Party and their respective counsel have complied with the applicable requirements of good faith litigation and no action, allegation, position taken, or filing was undertaken or made in bad faith or in violation of Rule 11 of the Federal Rules of Civil Procedure or comparable provision of state law.

5. **Final Settlement Approval and Dismissal of Claims** – The Court finds that the terms of the Settlement as set forth in the Stipulation are fair, reasonable, and adequate as to each of the Parties and to Current Athira Stockholders, and hereby finally approves in all respects the Settlement as set forth in the Stipulation and orders the Parties to perform its terms to the extent the Parties have not already done so.

6. Judgment shall be, and hereby is, entered dismissing the Derivative Actions with prejudice, on the merits, and without taxation of costs in favor of or against any Party except as otherwise provided in the Stipulation.

7. **Releases** – Plaintiffs, Athira, and every Current Athira Stockholder are hereby conclusively deemed to have fully, finally, and forever released, settled, and discharged all and each of the Defendants, and each and all of their respective present and former directors, officers, employees, members, partners, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, joint ventures, insurers and reinsurers, predecessors, successors, assigns, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, each in their capacity as such (all of them are the "Released Parties"), with respect to the "Released Claims," defined as any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether derivative, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, arising from or relating in any way to, directly or indirectly, any act or omission alleged or claims asserted in the Derivative Actions or that could have been alleged or asserted on behalf of Athira, including those that were threatened, asserted, or could have been asserted by any of Athira's stockholders, or that Athira could have asserted directly, in any court, tribunal, forum or proceeding, against any of the Defendants or the other Released Parties, excluding any claims to enforce the

Settlement, including the Fee and Expense Amount, and any claims asserted in the Securities Class Action or included in a proposed settlement of the Securities Class Action.

8. The Defendants and every Current Athira Stockholder, and their respective predecessors, successors, subsidiaries, affiliates, agents, attorneys, insurers, and each of their past or present officers, directors and employees, as applicable, in their capacities as such only, shall be deemed to have, and by operation of the Stipulation and this Judgment and to the fullest extent permitted by law, shall have fully, finally and forever, settled, released, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims.

9. The Defendants, Plaintiffs, and each Current Athira Stockholder are hereby barred and permanently enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties.

10. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

11. **No Admissions** – Neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party to the Stipulation shall be deemed an admission or received as evidence in this or any other action or proceeding. Any Released Party, or his, her or its counsel may file the Stipulation and/or this Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. **Approval of the Fee and Expense Amount** – This Court hereby approves the Fee and Expense Amount and Service Awards. The Fee and Expense Amount shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, the Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement; (b) the Derivative Actions, until the Effective Date; (c) all Parties, for the purpose of enforcing and administering the Stipulation and the terms set forth therein; and (d) any other matters solely related to the Settlement. Plaintiffs, Defendants, and each Current Athira Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Plaintiffs, Defendants and each Current Athira Stockholder are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

14. **Termination of Settlement** – In the event that this Judgment does not become Final in accordance with ¶ V(A)(10) of the Stipulation, and the Effective Date in accordance with ¶ V(G)(1) of the Stipulation does not occur, then the Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Judgment shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except to the extent provided by and in accordance with the Stipulation. In such event, the Parties shall return to their positions as of May 24, 2023, without prejudice to the rights of the Parties *status quo ante*.

15. This Judgment is a final, appealable judgment.

**IT IS SO ORDERED.**

DATED:

THOMAS S. ZILLY<br>UNITED STATES DISTRICT JUDGE