1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STEPHEN BUSHANSKY, derivatively on behalf
of ATHIRA PHARMA, INC.,

Plaintiff,

vs.

LEEN KAWAS, KELLY A. ROMANO, JOSEPH
EDELMAN, JOHN M. FLUKE, JR., JAMES A.
JOHNSON, BARBARA KOSACZ, and MARK
LITTON,

Defendants,

and

ATHIRA PHARMA, INC.,

Nominal Defendant.

THOMAS HOULIHAN, derivatively on behalf of
ATHIRA PHARMA, INC.,

Plaintiff,

vs.

LEEN H. KAWAS, KELLY A. ROMANO,
JOSEPH EDELMAN, JOHN M. FLUKE, JR.,
JAMES A. JOHNSON, BARBARA KOSACZ,
MARK LITTON, and KEVIN CHURCH,

Defendants,

and

ATHIRA PHARMA, INC.,

Nominal Defendant.

C22-497 TSZ
[consolidated with C22-620 TSZ]

**ORDER AND JUDGMENT**

ORDER AND JUDGMENT - 1

WEISS LAW
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

1    THIS MATTER comes before the Court on an unopposed motion, docket no. 25, by plaintiffs

2  Stephen Bushansky and Thomas Houlihan, who have sued derivatively on behalf of Athira Pharma,

3  Inc. ("Athira"), for final approval of a settlement involving plaintiffs, Athira stockholders Ali Soofi

4  and Travis Vrana, each of whom made litigation demands on Athira, defendants Leen Kawas, Ph.D.,

5  Kelly Romano, Joseph Edelman, John Fluke, Jr., James Johnson, Barbara Kosacz, Mark Litton, and

6  Kevin Church (collectively, the "Individual Defendants"), and Athira as nominal defendant.

7  Plaintiffs, Soofi, Vrana, the Individual Defendants, and Athira will be collectively referenced as the

8  "Settling Parties."  Also before the Court is an unopposed motion, docket no. 22, for attorneys' fees,

9  costs, and service awards to plaintiffs, Soofi, and Vrana.

10    **WHEREAS**, the Settling Parties have entered into a Stipulation of Settlement and Release

11  Agreement dated March 15, 2024 ("Settlement Agreement"), docket no. 18-1 at 2–27, which provides

12  for complete dismissal with prejudice of the claims asserted in these consolidated derivative actions

13  against the Individual Defendants and Athira upon condition that, within sixty (60) days of the date

14  of this Order and Judgment, Athira's Board of Directors implements certain corporate governance

15  reforms, as set forth in Exhibits 1–4 of the Settlement Agreement, docket no. 18-1 at 28–55, and

16  maintains them for a period of at least five (5) years;

17    **WHEREAS**, by Order dated May 3, 2024 ("Preliminary Approval Order"), docket no. 21,

18  this Court (a) preliminarily approved the proposed settlement; (b) directed that notice of the proposed

19  settlement be provided to current Athira stockholders; (c) set a deadline for current Athira

20  stockholders to object to the proposed settlement and/or the requested attorneys' fees, costs, and

21  service awards; and (d) scheduled a hearing regarding final approval of the proposed settlement;

22    **WHEREAS**, notice of (i) the proposed settlement, including a summary of the terms of the

23  Settlement Agreement, (ii) the deadline for objections; and (iii) the date, time, and location of, as well

24  as the means for virtually attending, the Final Approval Hearing, as defined in the Preliminary

25  Approval Order, has been given in accordance with the Preliminary Approval Order, _see_ Watts Decl.

26  (docket no. 24), and the Court concludes that the notice provided to current Athira shareholders was

27  adequate and sufficient; and

28  ORDER AND JUDGMENT - 2

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

1    **WHEREAS**, the Court conducted the Final Approval Hearing on July 18, 2024, at which

2    counsel for each of the Settling Parties appeared and no current Athira stockholder stated any

3    objection to either the proposed settlement or the requested attorneys' fees, costs, and service awards;

4    **NOW, THEREFORE, FINAL ORDER AND JUDGMENT IS HEREBY ENTERED**

5    **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58, AS FOLLOWS:**

6       1.     **Jurisdiction** – The Court has the requisite subject matter and personal jurisdiction to

7    enter this Order and Judgment.

8       2.     **Derivative Action Requirements** – The Court finds that each of the provisions of

9    Federal Rule of Civil Procedure 23.1 has been satisfied and that these consolidated derivative actions

10   have been properly maintained according to Rule 23.1.   Plaintiffs and plaintiffs' counsel have

11   adequately represented the interests of Athira and its current stockholders in litigating these

12   consolidated derivative actions and in entering into and implementing the Settlement Agreement.

13   Each of the Settling Parties and their respective counsel have complied with the applicable

14   requirements of good faith litigation, and no evidence exists that any action, allegation, position taken,

15   or filing was undertaken or made in bad faith or in violation of Federal Rule of Civil Procedure 11 or

16   comparable provision of state law.

17      3.     **Final Approval of Settlement and Dismissal of Claims** – The Court finds that the

18   terms of the Settlement Agreement and Exhibits 1–4 thereto (docket no. 18-1 at 2-55) are fair,

19   reasonable, and adequate as to each of the Settling Parties and to current Athira stockholders.

20   Plaintiffs' unopposed motion, docket no. 25, for final approval of the proposed settlement of these

21   consolidated derivative actions, is GRANTED. The Court hereby finally APPROVES the Settlement

22   Agreement and Exhibits 1–4 thereto and DIRECTS the Settling Parties to perform the terms of the

23   Settlement Agreement and Exhibits 1–4 thereto to the extent they have not already done so.  These

24   consolidated derivative actions are hereby DISMISSED with prejudice and without taxation of costs

25   except as indicated in this Order and Judgment.

26

27

28   ORDER AND JUDGMENT - 3                      **WEISS LAW**
                                                 305 Broadway, 7th Floor
                                                 New York, New York 10007
                                                 Telephone: (212) 682-3025

1    4.      **Attorneys' Fees, Costs, and Service Awards** – Plaintiffs' unopposed motion, docket

2  no. 25, for attorneys' fees, costs, and service awards, is GRANTED.  Counsel for plaintiffs, Soofi,

3  and Vrana are collectively AWARDED $1,150,000 in attorneys' fees and costs, to be apportioned as

4  follows:  first, toward the payment of service awards in the amount of $3,000 per person to plaintiffs

5  Bushansky and Houlihan and stockholders Soofi and Vrana; second, toward the reimbursement of

6  costs actually incurred by each law firm; and third, on a pro rata basis among the various law firms

7  in accordance with their lodestar amounts as reflected in the Declarations of David Katz, Patrick

8  Slyne, Brett Middleton, Rusty Glenn, and Miles Yanick, docket nos. 23-1, 23-2, 23-3, 23-4, and 23-5,

9  respectively.  The allocation is as follows:

| Service Awards | $3,000 per person | $12,000.00 |
|---|---|---|
| Actual Expenses | $21,928.89 to Weiss Law | $29,386.67 |
| | $2,372.24 to Slyne Law LLC | |
| | $5,040.01 to Johnson Fistel, LLP | |
| | $45.53 to Shuman, Glenn & Stecker | |
| Pro Rata Attorneys' Fees[1] | Weiss Law LODESTAR $542,833.50 | $433,326.18 |
| | Slyne Law LLC LODESTAR $499,278.75 | $398,557.85 |
| | Johnson Fistel, LLP LODESTAR $321,855 | $256,926.29 |
| | Shuman, Glenn & Stecker LODESTAR $22,342.50 | $17,835.28 |
| | Yanick Law & Dispute LODESTAR $2,465 | $1,967.73 |
| TOTAL AWARD | | $1,150.000.00 |

---

[1] The total lodestar amount is $1,388,774.75.  The balance remaining after payment of service awards and reimbursement of actual expenses is $1,108,613.33.  Thus, each firm's pro rata share is its lodestar amount divided by $1,388,774.75 multiplied by $1,108,613.33.

28   ORDER AND JUDGMENT - 4

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025

*within 30 days*
*of the date of this*
*order and Judgment.*

1  Payment of the attorneys' fees and costs shall be made pursuant to the terms of the Settlement

2  Agreement, which makes no provision for post-judgment interest, and interest shall not accrue in the

3  manner set forth in 28 U.S.C. § 1961.

4          5.          **Retention of Jurisdiction** – Without affecting the finality of this Order and Judgment,

5  the Court hereby retains jurisdiction over these consolidated derivative actions for purposes of

6  enforcing and ensuring implementation of the Settlement Agreement and the terms set forth therein

7  and resolving any disputes related to the settlement.

8          DATED this 18 day of July, 2024.

9

10

11  Thomas S. Zilly
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER AND JUDGMENT - 5

**WEISS LAW**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 682-3025